IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES R. DOWNES, | ) | |
| AIS #00281824, | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 16-00240-CG-N |
| | ) | |
| STATE OF ALABAMA | ) | |
| DEPARTMENT OF CORRECTIONS | ) | |
|    Respondent. | ) | |

## REPORT AND RECOMMENDATIONS

Petitioner James R. Downes, an Alabama prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1), accompanied by various motions (Docs. 2 – 4). Under S.D. Ala. GenLR 72.2(b), the petition has been referred to the undersigned Magistrate Judge for entry of a recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 8(b) of the Rules Governing § 2254 Cases in the United States District Courts, and S.D. Ala. GenLR 72(a)(2)(R).  Upon consideration, the undersigned finds that transfer of this § 2254 action under 28 U.S.C. § 1631 is appropriate.

Along with his habeas petition, Downes filed, *inter alia*, a document styled "Permission for Change of Venue" (Doc. 4), which appears to be an attempt to have this Court disregard the jurisdictional limitations for state habeas petitions set out in 28 U.S.C. § 2241(d).  Section 2241(d) states:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application

may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.[1]

Downes's habeas petition indicates that he is challenging a judgment of conviction entered by the Circuit Court of Covington County, Alabama. At the time Downes filed his petition (i.e. when he delivered it to prison officials for mailing, under the "prison mailbox" rule), he was in custody at the Alabama Department of Corrections's Easterling Correctional Facility in Clio, Barbour County, Alabama. Both Covington and Barbour Counties are part of the Middle District of Alabama. *See* 28 U.S.C. § 81(b)(1).

In this Circuit, § 2241(d) is treated as a jurisdictional statute. *See Dobard v. Johnson*, 749 F.2d 1503, 1505-07 (11th Cir. 1985); *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978) ("When McClure filed his petition, he was imprisoned within the Southern District. Jurisdiction attached upon the initial filing for habeas corpus

---

[1] "The general grant of habeas corpus jurisdiction has long provided that the Supreme Court, any of its justices, any circuit judge, or any district court could grant the writ 'within their respective jurisdictions.' 28 U.S.C. § 2241(a) (1970), formerly 28 U.S.C. § 452 (1940). See Act of Feb. 13, 1925, ch. 229, § 6, 43 Stat. 940; Rev. Stat. § 752; Act of Feb. 5, 1867, ch. 28, 14 Stat. 385. In 1948 that provision was interpreted to mean that a district court lacked subject matter jurisdiction to grant the writ on behalf of a prisoner who was not confined within its territorial boundaries. *Ahrens v. Clark*, 335 U.S. 188, 68 S. Ct. 1443, 92 L. Ed. 1898 (1948) … Congress in 1966 enacted § 2241(d), which specified that a habeas corpus petition could also be filed in the federal district in which the court which had entered judgment and sentence was located. See S. Rep. No. 1502, 89th Cong., 2d Sess. (1966); H. R. Rep. No. 1894, 89th Cong., 2d Sess. (1966)." *U.S. ex rel. Sero v. Preiser*, 506 F.2d 1115, 1127-28 (2d Cir. 1974).

relief. It was not destroyed upon the transfer of petitioner and accompanying custodial change. While his transfer to the Northern District may have given both courts concurrent jurisdiction, it did not destroy the power of the Southern District court to rule in his case. Instead of jurisdiction, the question becomes one of the appropriateness of the forum." (citations omitted)).[2]  *But see U. S. ex rel. Sero v. Preiser*, 506 F.2d 1115, 1128 (2d Cir. 1974) ("We think it clear, from both the Court's language[ in *Braden*] and the language of § 2241(d), that it makes more sense to read this section as a provision fixing venue and aimed at problems of judicial administration whose solution lies in the balance of convenience among various courts."); *Bozeman v. Lambert*, 587 F. Supp. 1021, 1023 (M.D. Ala. 1984) ("Section 2241(d) is a venue statute, however, and not a jurisdictional restriction." (citing *Preiser*, 506 F.2d at 1128)).[3] Because this Court is neither "the district court for the district wherein [Downes] is in custody or in the district court for the district within which the State court was held which convicted and sentenced him," this Court does not have jurisdiction to entertain his habeas petition; thus, it also cannot order transfer under § 2241(d) to a district court that does.  Accordingly, Downes's motion requesting "permission for change of venue" (Doc. 4) is due to be **DENIED**.[4]

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3] "The opinion of a district court carries no precedential weight, even within the same district."  *United States v. Cerceda*, 172 F.3d 806, 812 n.6 (11th Cir. 1999) (en banc) (per curiam).

[4] "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred

Under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court [such as this one], is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action … could have been brought at the time it was filed or noticed, and the action … shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." *See Dobard*, 749 F.2d at 1507 ("If … , in the instant case the district court had decided that jurisdiction under Sec. 2241(d) was not present in the Northern District, the court could have transferred the case to the Southern District under Sec. 1631."). The Eleventh Circuit has held that "the interest of justice" does not warrant transfer under § 1631 where a habeas petition is indisputably time-barred, *see* 28 U.S.C. § 2244(d), or is an unauthorized second or successive petition, *see id.* § 2244(b). *See Guenther v. Holt*, 173 F.3d 1328, 1330-31 (11th Cir. 1999).

A review of federal district court dockets through the Public Access to Court Electronic Records (PACER) website (https://www.pacer.gov/ (last visited June 3, 2016)) does not indicate that Downes's present habeas petition is second or successive. Moreover, considering the allegations in Downes's petition (Doc. 1), the undersigned is unable to conclude that it is <u>indisputably</u> time-barred, though it

---

upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (quotations omitted). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

appears to be close.[5] Downes alleges that his direct appeal concluded in or around October 2012, when the Alabama Court of Criminal Appeals affirmed his conviction.[6] Downes did not commence state collateral review under Alabama Rule of Criminal Procedure 32 until sometime in October 2013, and the Rule 32 proceedings appear to have a complicated procedural history.  Thus, the undersigned finds that the "interest of justice" warrants a transfer of this habeas action to the United States District Court for the Middle District of Alabama, the only district court with jurisdiction to entertain it.  *See* 28 U.S.C. § 2241(d).

Accordingly, the undersigned **RECOMMENDS** that Downes's motion requesting "permission for change of venue" (Doc. 4) be **DENIED** and that this habeas action under § 2254 be **TRANSFERRED** under 28 U.S.C. § 1631 to the United States District Court for the Middle District of Alabama, with disposition of Downes's pending motion to proceed without prepayment of fees (Doc. 2) and "Motion for Equitable Tolling" (Doc. 3) to be left to the transferee court.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b); S.D. Ala. GenLR 72(c).  The parties should note

---

[5] Certainly, Downes was concerned enough about the timeliness of his habeas petition to file a "Motion for Equitable Tolling" (Doc. 3) with the petition.

[6] Downes alleges that no application for rehearing was filed with the Court of Criminal Appeals, nor was a petition for a writ of certiorari filed with the Alabama Supreme Court.

that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 3rd day of June 2016.

>	*/s/ Katherine P. Nelson*
>	**KATHERINE P. NELSON**
>	**UNITED STATES MAGISTRATE JUDGE**